IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**GARY P. GREENE, AIS # 237553,**         :

    **Plaintiff,**          :

**vs.**                                   :    CIVIL ACTION 06-0779-CG-M

**CORRECTIONAL MEDICAL SERVICES,**  :
et al.,
                                          :
    **Defendants.**

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

In his objection (Doc. 40), plaintiff argues that the magistrate judge incorrectly found that his claims against Dr. Sonnier are barred by Alabama's two-year statute of limitations. Plaintiff argues that his situation is covered by the "savings clause" in the Alabama Medical Liability Act, which provides that "if the cause of action is not discovered and could not reasonably have been discovered within [the two years], then the action may be commenced within six months from the date of discovery or the date of discovery of facts which would reasonably lead to such discover, whichever is earlier[.]" Ala. Code 1975 § 6-5-482(a). The statute of limitations begins to run when the first injury or harm occurs, although the injury may later become more severe or different in kind. Free v. Granger, 887 F.2d 1552 (11th Cir.1989) (finding that cause of action accrued when patient first had infection, not when treated by the doctor); Ramey v. Guyton, 394 So.2d 2, 4 (Ala.1980) (finding that cause of action accrued when patient had the stroke, not when

doctor last saw patient and prescribed medicine).  In this case, it is clear from the complaint that plaintiff knew there was an infection and problems with the procedures performed by Dr. Sonnier within several  weeks of the surgery performed on September 3, 2004.  That is when the statute of limitations began to run.  His complaint, filed in on November 16, 2006, came too late.

Accordingly, iIt is **ORDERED** that this action be and is hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

The Clerk is **DIRECTED** to send to the Commissioner of the Alabama Department of Corrections a copy of the Report and Recommendation recommending the dismissal of this action, this Order adopting the Report and Recommendation, and the Judgment dismissing this action.

**DONE and ORDERED** this 25th day of July, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE